IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of Victor Mikhaylovich Pinchuk,<br><br>                Applicant. | )<br>)<br>)   Misc. No. 13-306-RGA<br>)<br>) |

**APPLICANT PINCHUK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Applicant Victor Mikhaylovich Pinchuk ("Pinchuk" or the "Applicant") respectfully requests that this Court compel Chemstar Products LLC, Demeter Diversified LLC and Empire Chemical LLC (collectively, the "Discovery Subjects") to produce documents in response to the subpoenas issued from this Court. In support of this motion, Pinchuk states as follows:

**BACKGROUND**

On November 6, 2013, Pinchuk filed an application (the "Application") for discovery pursuant to 28 U.S.C. § 1782, which permits parties to seek domestic discovery for use in litigation before foreign and international tribunals. (D.I. 1). This Court granted the Application on November 19, 2013 (D.I. 5) (the "Discovery Order"), ordering the Discovery Subjects to "preserve documents and evidence, electronic or otherwise" and permitting Pinchuk to issue and serve subpoenas to the Discovery Subjects for the following documents:

    A.    The articles of incorporation, by-laws, minutes, board materials, and resolutions of each Discovery Subject, including any amendments thereto;

    B.    An organizational chart or documents sufficient to show the directors and officers of each Discovery Subject, both at the time of incorporation and presently;

    C.    A chart of or documents sufficient to show the corporate parents, subsidiaries, and any affiliates for each Discovery Subject, both at the time of incorporation and presently;

    D.    Documents showing how the Discovery Subjects were and have been capitalized during the period of January 1, 2006 to the present;

    E.    Documents showing the identity of any shareholder, member or beneficial owner of each Discovery Subject, both at the time of incorporation and presently;

    F.    Documents reflecting non-privileged communications by any Discovery Subject with Kolomoisky or Bogolyubov or any agent of Kolomoisky or Bogolyubov regarding the ferroalloy business or related ferroalloy shipping business;

    G.    Documents regarding the ferroalloy business or related ferroalloy shipping business and referring to Ferroalloy Holding, Pinchuk, EastOne Group Ltd., Interpipe, Mikhail Iosifovich Spektor ("Spektor"), Mikhail Viktorovich Voevodin ("Voevodin"), or Alexander Mikhaylovich Babakov ("Babakov");

    H.    Quarterly and annual financial statements (including Profit and Loss Statements, Balance Sheets, and Statements of Cash Flows) for each Discovery Subject from January 1, 2006 to the present;

    I.    Documents reflecting internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the assets of any Discovery Subject; and

    J.    Documents referring to Georgian American Alloys, Inc., Felman Production LLC, Felman Trading LLC, CC Metals & Alloys LLC, Ferrost LLC, or Solmex LLC.

D.I. 5 at ¶ 2. Per the Court's Discovery Order, the Discovery Subjects were required to produce the documents within 30 days of service of subpoenas. *Id*. at ¶ 3. The subpoenas were served and accepted by the Discovery Subjects' registered agents in Delaware on November 20, 2013. Ex. 1. The subpoenas indicated a response deadline of December 20, 2013 at 5:00 p.m., i.e., 30 days from the date of service. Ex. 1.

As of the date of this motion no documents have been produced and no objections have been served by any of the Discovery Subjects  The Applicant has not received any communication from the Discovery Subjects in response to the subpoenas.

The discovery sought by the Application and authorized in the Discovery Order is relevant to litigation occurring in the Republic of Cyprus and the London Court of International

Arbitration (collectively, the "Foreign Proceedings"). Both proceedings concern the business relationship of Igor Valeryevich Kolomoisky ("Kolomoisky"), Gennadiy Borisovich Bogolyubov ("Bogolyubov") and Pinchuk. (D.I. 1 at 2). In 2006, Kolomoisky, a dual citizen of Ukraine and Israel, Bogolyubov, a Ukrainian citizen residing in England, and Pinchuk, a Ukrainian citizen, reached an agreement to pool their considerable interests in the ferroalloy business in Ukraine and elsewhere. *Id*. The parties agreed to share profits respective to their proportionate holdings. *Id.* at 1-2. The assets and interests were pooled in a joint holding structure consisting of numerous Cypriot holding entities, which is referred to in the Application as the "Ferroalloy Holding."

Both of the Foreign Proceedings center on claims that Bogolyubov and Kolomoisky (and the Cypriot holding companies they control within Ferroalloy Holding) failed to include Pinchuk (including investment companies controlled by Pinchuk) in corporate opportunities and failed to distribute profits of the Ferroalloy Holding owed to Pinchuk through development of the joint ferroalloy interests. *Id*. Vital to a just outcome in the Foreign Proceedings is full knowledge of Kolomoisky's and Bogolyubov's formal and informal corporate structures, holdings and interests. The Discovery Subjects are among the companies in the ferroalloy industry to which Kolomoisky and Bogolyubov are alleged to have illegally diverted assets and profits. *Id*. at 5.

## ARGUMENT

Once a lawful subpoena is issued from this Court, the subpoena targets are required to respond, object or move to quash or modify the subpoena. Fed. R. Civ. P. 45(d)-(e). The Discovery Subjects in this case have done none of the above, choosing instead to ignore the subpoena entirely. The Discovery Subjects' complete lack of response to the subpoena waives

3

their right to challenge its validity. "Although Rule 45 does not set specific time limits, courts generally require a motion to quash to be made in the 14 days required to object to a subpoena under Fed. R. Civ. P. 45[(d)(2)(B)], or by the close of the compliance listed in the subpoena, if the period is of a reasonable duration." *PHL Variable Ins. Co. v. Alan Wollman Ins. Trust*, 2010 WL 2836388, at *1 (D. Del. Jul. 16, 2010) (citing *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 181088 (D. Del. Jan. 19, 2010); *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, 2009 WL 3242561 (D. Del. Oct. 8, 2009)); Fed. R. Civ. P. 45(d)(2)(B) (as to objections to a subpoena, "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").

Because there is no basis for the Discovery Subjects to refuse to comply with the subpoenas and because the Discovery Subjects have not presented any objections, the Discovery Subjects should be ordered to produce all documents in their possession, custody or control that are responsive to the subpoenas. At this time, Pinchuk asks only that the Court grant his motion to compel and require the Discovery Subjects to respond to the lawful subpoenas. *See Miller v. Hassinger*, 173 F. App'x 948, 954 (3rd Cir. 2006) (citing *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 778 (3rd Cir. 2000)) (recognizing that it is within the District Court's discretion to issue a motion to compel). Should the Discovery Subjects continue to disregard this Court's orders, Pinchuk may ask this Court to hold the Discovery Subjects in contempt, pursuant to Fed. R. Civ. P. 45(g).

## CONCLUSION

For the foregoing reasons, Pinchuk respectfully requests that this Court issue an order requiring the Discovery Subjects to produce all responsive documents and finding that any objection to the subpoenas have been waived.

Dated: Wilmington, Delaware
       December 27, 2013

                                                                         /s/
                                        Kelly E. Farnan (#4395)
                                        Anthony Flynn Jr. (#5750)
                                        Richards, Layton & Finger, P.A.
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, DE 19801
                                        (302) 655-7700
                                        Farnan@rlf.com

                                        *Attorneys for the Applicant, Victor*
                                        *Mikhaylovich Pinchuk*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2013, true and correct copies of the foregoing document were served, via hand delivery, and electronically filed same with the Clerk of the Court using the CM/ECF system:

>Chemstar Products LLC
>c/o Worldwide Incorporators Ltd.
>3411 Silverside Road
>Rodney Building, Suite 104
>Wilmington, Delaware 19810
>
>Demeter Diversified LLC
>c/o Delaware Business Incorporators, Inc.
>3422 Old Capitol Trail, Suite 700
>Wilmington, Delaware 19808-6192
>
>Empire Chemical LLC
>c/o Worldwide Incorporators Ltd.
>3411 Silverside Road
>Rodney Building, Suite 104
>Wilmington, Delaware 19810

*/s/ Anthony G. Flynn, Jr.*
Anthony G. Flynn, Jr. (#5750)
Flynn@rlf.com

RLF1 9732737v.1