IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VICTOR MIKHALYOVICH PINCHUK,** | |
| Petitioner; | |
| v. | |
| **CHEMSTAR PRODUCTS LLC,** | No. 13-mc-306-RGA |
| **DEMETER DIVERSIFIED LLC, AND** | |
| **EMPIRE CHEMICAL LLC,** | |
| Respondents. | |

MEMORANDUM OPINION

Kelly E. Farnan, Esq., Anthony Flynn Jr., Esq., Richards, Layton, & Finger, P.A., Wilmington, DE., for Plaintiff Victor Mikhaylovich Pinchuk

Bradley R. Aronstam, Esq., Benjamin J. Schladweiler, Esq., Seitz Ross Aronstam & Moritz LLP, Wilmington, DE., for Defendants Chemstar Products LLC, Demeter Diversified LLC, and Empire Chemical LLC

June 26, 2014

*Andrew G. Andrews*
ANDREWS, U.S. District Judge:

Before the Court is Respondents Chemstar Products LLC, Demeter Diversified LLC, and

Empire Chemical LLC's (collectively, the "Respondents") motion to vacate in part the November

28, 2013 order granting Petitioner Victor Mikhalyovich Pinchuk's *ex parte* discovery application.

(D.I. 15 at 4). The Court previously granted the Petitioner's application pursuant to 28 U.S.C. §

1782. A motion to compel the subpoenas was issued on December 30, 2013. (*Id.* at 8).

Respondents' motion is pursuant to Rules 60 and 45(c) of the Federal Rules of Civil Procedure.

(*Id.* at 4).[1] Both these orders relate to proceedings in the London Court of International Arbitration

(the "LCIA") and the Limassol District Court of the Republic of Cyprus (the "Cyprus Court")

(collectively, the "Foreign Proceedings"). (*Id.*).

## I.    Background

Mr. Pinchuk has been in a business relationship with Igor Valeryevich Kolomoisky and

Gennadiy Borisovich Bogolyubov since 2006. (D.I. 20 at 2). In 2013, Pinchuk filed an action in

the LCIA and 22 petitions for relief in the Cyprus Court, asserting that Kolomoisky and

Bogolyubov violated the parties' agreement. (*Id.*). Pinchuk claims that Kolomoisky and

Bogolyubov failed to include Pinchuk in various corporate opportunities in the ferroalloy industry.

(*Id.*) Pinchuk believes that the Respondents, Delaware limited liability companies, are directly or

indirectly controlled by Kolomoisky and Bogolyubov's business interests. (*Id.*). On November 19,

2013, the Court granted Mr. Pinchuk's *ex parte* application, ordering the Respondents to "preserve

documents and evidence, electronic or otherwise" and permitting Pinchuk to serve subpoenas

seeking the documents identified in the application. (D.I. 15 at 8).   In doing so, the Court refused

---

[1] Petitioner argues that Respondents have waived all objections to the Subpoenas as Rule 45(d)(2)(B) requires
objections to be filed within 14 days or by the close of the compliance listed in the Subpoena. However, courts are not
precluded from considering objections filed after the deadline where there exist unusual circumstances or good cause
is shown. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996).

to rule on whether all objections to the Subpoenas had been waived, citing the lack of any adverse party. (D.I. 10).

After retaining counsel, Respondents filed objections and responses to the subpoenas. (D.I. 15 at 8).

Respondents provided all documents located in the United States. (*Id.*). Respondents now ask this Court to vacate the prior orders. (*Id.*). Thus, the crux of the dispute is whether the Court should compel Respondents to provide documents located abroad, particularly in Cyprus.

## II.    **Legal Standard**

"The district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . ." 28 U.S.C. § 1782(a). Accordingly, the district court has authority to grant an application when three conditions are met: (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by an interested person. *Id.*; *see also In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998).

A district court is not required to grant a § 1782 discovery application simply because it has the authority to do so. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In choosing whether to exercise its discretion, the district court may consider the following factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal and the character of the proceedings; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome. *See id.* at

3

264-65. Courts must also be mindful of the twin aims of § 1782: providing efficient means of

assistance to participants in international litigation in our federal courts and encouraging foreign

countries by example to provide similar assistance to our courts. *See id.* at 252.

**III.    Discussion**

Respondents are Delaware limited liability companies and reside in the District of

Delaware for the purposes of § 1782. (D.I. 15-1 at 2, 15-2 at 2, 15-3 at 2). Petitioner has filed

actions with both the LCIA and the Cyprus Court. While proceedings have not yet begun, §

1782(a) does not limit the provision of judicial assistance to "pending" adjudicative proceedings.

*Intel*, 542 U.S. at 260-61. There is also no requirement that the proceedings be imminent. *Id.* As

the *Intel* court explained, all that is necessary is that the evidence may be eventually used in such a

proceeding. *Id.* Petitioner seeks discovery for use in the Foreign Proceedings in which he is a

litigant, and thus, an interested party. Respondents have already produced all documents located in

the United States. The Court thus considers whether to enforce the remainder of the Petitioner's §

1782 request for Respondents' documents located in Cyprus. Accordingly, the Court will revisit

the *Intel* factors, while also taking into account the location of the remaining documents.

The *Intel* factors, while not dispositive, bear consideration on whether a court should

exercise its discretion in granting a § 1782 request. In assessing the first *Intel* factor, courts

consider "whether the documents . . . sought are within the foreign tribunal's jurisdictional reach,

and thus accessible absent § 1782 aid." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 91 (3d Cir. 2010)

(citing *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 193 (S.D.N.Y. 2006)). None of the

Respondents are parties to the Foreign Proceedings. Respondents argue that if the Court assumes

Pinchuk's assertion that the Respondents are under the control of Kolomoisky and Bogolyubov as

true, then both the LCIA and the Cyprus Court would have jurisdictional reach over the

4

Respondents. (D.I. 15 at 7; D.I. 24 at 3, 4, n. 4). However, this assumption would require the Court

to make a determination that is central to the Foreign Proceedings. This would have the effect of

potentially interfering with the judicial proceedings of the foreign tribunals, a result that the Court

wishes to avoid. Further, while the Respondents assert that they are each headquartered in Cyprus

and therefore are presumably subject to the jurisdiction of the Cyprus Court, there has been no

evidence offered in support of this assertion. Even if the assertion were true, there still would

remain the question of whether the LCIA has jurisdictional reach over the Respondents. The

Respondents cite to the LCIA Rules, Article 22.1(e), which states that the LCIA can order any

party to produce documents "in their possession, custody or power." (D.I. 4, n. 4, citing D.I. 2, Ex.

5 at 10). However, as mentioned above, this discovery rule would only apply if the Respondents

were found to be under the control of Kolomoisky and Bogolyubov. This Court will not engage in

any inquiry requiring it to resolve an issue that may result in interference with the Foreign

Proceedings. Thus, the first factor weighs in favor of granting the discovery.

The second *Intel* factor asks the court to consider the nature of the foreign tribunal, the

character of the proceedings underway abroad, and the receptivity of the foreign court to U.S.

federal court judicial assistance. 542 U.S. at 265. The relevant inquiry for this factor is "whether

the foreign court would consider the evidence revealed from a § 1782 order." *Via Vadis*, 2013 WL

646336, at \*2 (D. Del. Feb. 21, 2013). The party opposing discovery has the burden of

demonstrating that the foreign court would not consider the discovery sought pursuant to a § 1782

order. *In Re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) (citing *In re Bayer AG*, 146 F.3d

188, 196 (3d Cir. 1998)). Respondents have not proffered sufficient evidence to convince the

Court that the Foreign Tribunals would not consider evidence revealed from a § 1782 order.

Neither of the foreign proceedings have made any ruling in regard to Pinchuk's § 1782

5

applications.[2] The LCIA, in a December 18, 2013 order, stated that "it does not presently need to seek the assistance of the U.S. Courts for the purpose of this arbitration." (D.I. 15-4 at 2). However, this does not mean that the LCIA will not consider evidence revealed from a § 1782 order. Further, despite the Southern District of Florida's request for assistance regarding a similar § 1782 application, the LCIA opted not to answer the District Court's questions and refused to specify a position if discovery were to be obtained. (D.I. 24-1 at 9; D.I. 24-2 at 2). Similarly, the Cyprus proceedings are still in the preliminary stages, and no ruling has been made regarding the scope of discovery. (D.I. 15-1 at 11). Respondents insist that the motions filed with the Cyprus Court to stay and/or strike Pinchuk's petitions may lead to the Cyprus Court referring the Cyprus claims to arbitration, and thus the discovery request would not be applicable. (D.I. 24-1 at 9). However, this assertion is entirely speculative. The Respondents have not shown that either the LCIA or the Cyprus Court would ignore the evidence revealed from a § 1782 order. For that reason this factor weighs in favor of granting discovery.

The third *Intel* factor counsels against discovery when the § 1782 request is an attempt to bypass limitations on discovery imposed by foreign tribunals. *See Intel*, 524 U.S. at 265. While neither of the foreign tribunals has requested assistance, they have also not affirmatively rejected assistance. Respondents cite this Court's decision in *Via Vadis* where this factor was found to weigh against discovery because there was an "absence of any request from the foreign courts." 2013 WL 646336, at *2. However, the defendant in *Via Vadis* was also a party to the foreign litigation, and thus was subject to the foreign court's jurisdiction. *Id*. Here, there has been no showing that Respondents are within either the LCIA or the Cyprus Court's jurisdictional reach. Pinchuk's § 1782 applications were filed soon after initiating both the Cyprus Actions and the

---

[2] Pinchuk filed a § 1782 application in the Southern District of Florida in addition to the one previously granted by this Court.

6

LCIA arbitration. (D.I. 24-1 at 11).[3] While this raises some concerns, it is not enough to find that Pinchuk is using a § 1782 discovery motion to circumvent the discovery procedures in the Foreign Proceedings. This factor thus weighs in favor of granting discovery.

Regarding the fourth *Intel* factor, courts pay particular attention to the scope of the discovery sought. Here, the Respondents assert that the discovery request is too burdensome as it potentially encompasses all of their business documents, and will require them to ship documents to the United States from Cyprus, only to have them brought back to Cyprus for use in the Foreign Proceedings. Just because a discovery request is broad does not mean that it is unduly burdensome. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597-98 (7th Cir. 2011). Further, in looking at the subject matter of the requests, they appear to be reasonably tailored to the scope of the claims asserted by Pinchuk in the Foreign Proceedings. Pinchuk has also mentioned that he is amenable to amending his discovery request to alleviate any concerns regarding the breadth of the discovery requests.

The Court retains wide discretion in deciding whether to grant § 1782 discovery requests. The factors articulated by *Intel* are non-exhaustive. *See In re Godfrey*, 526 F. Supp. 2d 417, 419 (S.D.N.Y. 2007). There remains the inquiry of whether a § 1782 application is appropriate when, as is the case here, the documents sought are located abroad. As briefs from the Petitioner and Respondents indicate, courts in the United States have not reached a consensus on this issue. *Compare In re Thai-Lao*, 821 F. Supp. 2d 289, 298 (D.D.C. 2011) ("the court need not conclusively address whether such a bar exists, but does find that the location of the information militates against granting the petition"), *and In re Veiga,* 746 F.2d 8, 26 (D.D.C. 2010) (finding that the *Intel* factors to weigh in favor of discovery, but exercising restraint in discretion because

---

[3] Pinchuk's § 1782 application was filed the day after the Cyprus Actions were initiated. His § 1782 application in Florida was filed one week after initiating the LCIA arbitration.

the documents sought were located abroad and the court wished to defer to the Ecuadorian courts), *with In re Gemeinschaftpraxis,* 2006 WL 3844464, *4 (S.D.N.Y. Dec. 29, 2006) ("For this court to read an implicit document-locale requirement into § 1782 would be squarely at odds with the Supreme Court's instruction that § 1782 should not be construed to include requirements that are not plainly provided for in the text of the statute").

Bearing in mind the twin aims of § 1782, the Court finds that Pinchuk's discovery request for the Respondents' foreign documents should not be enforced. The *Intel* Court counseled courts to consider the comity and parity concerns present in exercising discretion. *Intel*, 542 U.S. at 262. Because both the LCIA and the Cyprus Court have not spoken regarding Pinchuk's discovery request, there is no indication whether a grant of discovery will assist, or interfere with, the foreign proceedings. This is particularly a concern here, as Pinchuk's § 1782 application was filed almost immediately after the filing of Foreign Proceedings claims. Both the LCIA and the Cyprus Court have had little time to consider these discovery motions. These concerns caution against unnecessary interference. One of § 1782's purpose is to provide efficient assistance to foreign proceedings. There is no evidence regarding any efficiency resulting from enforcing Pinchuk's request. The Court accordingly does not find that enforcement of Pinchuk's motion would further this efficiency purpose. This factor along with the potential intrusion that may result from unrequested discovery assistance weighs against discovery. While the four *Intel* factors favor granting discovery, the location of the remaining documents and the way in which the § 1782 application was filed tilt the overall balance towards quashing the discovery requests for the unproduced documents located abroad.

## IV. Conclusion

For the reasons above, Respondents' motion to vacate or quash (D.I. 14) is granted. To the extent the subpoenas seek the production of documents from Cyprus, they are quashed. A separate order will be entered.